UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DEANDRE MITCHELL | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 1:05-CV-84 |
| | ) | (1:00-CR-56) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF DECISION AND ORDER**

This matter is before the Court on a "Petition to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" under 28 U.S.C. § 2255 ("2255 Motion") filed by petitioner Deandre Mitchell ("Mitchell") on March 7, 2005. The government responded to that motion on March 21, 2005, to which Mitchell replied on April 4, 2005. For the following reasons, Mitchell's 2255 Motion will be DENIED.

**Factual and Procedural Background**

The government summarizes the background of this case, to which Mitchell agrees, as follows:

> On October 25, 2000, a Federal Grand Jury returned a one count Indictment against the defendant Deandre Mitchell (hereinafter "Mitchell") alleging a violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (R. 13.) Mitchell was charged with being a felon in possession of a firearm. (R. 13.) On October 26, 2000, Mitchell had his initial appearance on the Indictment. (R. 21.) Mitchell was arraigned on October 26, 2000, and he entered a plea of not guilty. (R. 21.) Mitchell was detained pending trial. (R. 23.)
> On December 8, 2000, Mitchell filed a Motion to Suppress evidence, in particular, the firearm with which he was found. (R. 25.) An evidentiary hearing was held on January 3, 2001. (R. 28.) The United States filed its Opposition to the Defendant's Motion to Suppress the firearm on May 25, 2001. (R. 31.)

1

> Mitchell responded with a brief on June 22, 2001, and the United States replied on July 9, 2001. (R. 34, 35.) On July 30, 2001, the district court entered its Memorandum of Decision and Order denying the motion. (R. 37.)
> On August 21, 2001, Mitchell's case was tried to a jury, and Mitchell was convicted. (R. 42.) At the conclusion of the government's case in chief, Mitchell moved for a judgment of acquittal alleging that the government had failed to prove the jurisdictional element of interstate nexus since it had failed to prove that Mitchell's possession of the firearm had a substantial effect on interstate commerce. (Tr. pp. 38-39.) This motion was denied. (Tr. p. 39.)
> A sentencing hearing was held on November 15, 2001. (R. 47.) Mitchell was sentenced to 180 months imprisonment. (R. 47, 49.) On November 28, 2001, Mitchell filed his Notice of Appeal. (R. 50.) On August 5, 2002, the conviction was affirmed on appeal. *See United States v. Mitchell*, 299 F.3d 632 (7th Cir. 2002).

(*See* Government's Response to Mitchell's § 2255 Petition, p. 1-2).

In his 2255 Motion, Mitchell contends that this court improperly sentenced him as an Armed Career Offender under 18 U.S.C. § 924(e) because the underlying convictions used to qualify him as an Armed Career Offender do not meet the criteria established under the Armed Career Offender Act (ACCA). (*See* Mitchell's 2255 Motion, p. 5a-5b). In its response, the government argues that Mitchell's 2255 Motion is untimely because he did not file it within the one-year statute of limitations and that it is procedurally barred because it presents a non-constitutional claim that Mitchell did not raise in his direct appeal. (*See* Government's Response Brief, p. 2-3). In his reply, Mitchell argues that his 2255 Motion is not untimely and not procedurally barred because it falls within the "actual innocence" exception. (*See* Mitchell's Reply Brief, p. 2)

## Discussion

This Court will consider Mitchell's assertions after a brief overview of the standards governing a motion under section 2255. The Habeas Corpus Act of 1867, ch. 28, 14 Stat. 385 (1867) (codified as amended at 18 U.S.C. §§ 2254-2255 (1976)), authorized the federal courts to

2

grant a writ of habeas corpus to any state or federal prisoner "restrained . . . in violation of the constitution, or of any treaty or law of the United States." So far as relevant, section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution of laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Relief under section 2255 is collateral and is available to correct any legal error made during conviction or sentencing which is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992) (citing *Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986)). Thus, a section 2255 motion is neither a recapitulation of, nor a substitute for, a direct appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994)). Hence, there are three types of issues which cannot be raised by way of a § 2255 petition: (1) issues that were raised on direct appeal (absent a showing of changed circumstances); (2) non-constitutional issues that could have been but were not raised on appeal; and (3) constitutional issues that were not raised on direct appeal unless there is a showing of cause for the default as well as actual prejudice from the failure to appeal. *Id.*

In his 2255 motion, Mitchell contends that he is "innocent of being an Armed Career Criminal" because two of the four prior convictions used to qualify him under the ACCA do not meet the requirements of 18 U.S.C. § 924(e)(2)(A)(ii) and of § 924(e)(2)(B). (*See* Mitchell's

2255 Motion, p. 5a - 5c).  Under 924(e)(2)(A)(ii), a past conviction must carry a maximum term of imprisonment of ten years and Mitchell argues that his conviction under State of Michigan Cause #91-0029829 only carried a maximum term of imprisonment of five years and thus cannot be used to qualify him as an Armed Career Criminal.  *Id*.  In addition, Mitchell contends that his conviction under State of Michigan Cause #88-11452 cannot be used to qualify him as well because it was a juvenile conviction that neither involved violence nor the use of any weapon, as required in 924(e)(2)(B).  *Id*.

Even before getting to the merits of Mitchell's arguments, he has a substantial barrier to overcome.  The Anti-Terrorism and Effective Death Penalty Act of 1996 imposes a one-year statute of limitations on federal habeas corpus actions, which begins to run on the date a conviction becomes final.  28 U.S.C. § 2255.  In Mitchell's case, that occurred on August 5, 2002, when the Seventh Circuit affirmed his conviction.  Therefore, he had until August 5, 2003 to file his 2255 Motion but he did not do so until March 7, 2005, approximately nineteen (19) months late.

Mitchell argues that the actual innocence exception excuses his procedural default of not filing his 2255 Motion within the statute of limitations under *Mills v. Jordan*, 979 F.2d 173 (7th Cir. 1992).  An actual innocence claim may provide a gateway for federal habeas courts to review procedurally defaulted claims.  *Caffey v. Briley*, 266 F.Supp.2d 789, 793 (N.D. Ill.2003) (citing *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)).  However, both the United States Supreme Court and the Seventh Circuit have stressed that the actual innocence exception applies only in the most extraordinary cases.  *Schulp v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Bell v. Pierson*, 267 F.3d 544, 552 (7th Cir. 2001).

To invoke the actual innocence exception, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence," *Schulp*, 513 U.S. at 327.

While the actual innocence exception may excuse Mitchell's procedural default for not challenging his designation as an Armed Career Criminal in his direct appeal to the Seventh Circuit, it cannot excuse the untimely filing of his 2255 Motion as neither the Supreme Court nor the Seventh Circuit "has ever applied the actual innocence exception to overcome the failure to timely file . . . ." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004). The statue of limitations can be equitably tolled but to do so the Mitchell "would have to show some action or inaction on the part of the [government] that prevented him from discovering the relevant facts in a timely fashion." *Id*. Mitchell cannot make this showing as all of the past convictions used to qualify him as an Armed Career Criminal were fully disclosed to him well before his sentencing in the Pre-Sentence Report. Thus the government did not take or fail to take any action that prevented Mitchell from discovering the relevant facts that enhanced his sentence to that of an Armed Career Criminal. He had ample time to challenge the use of his past convictions prior to his sentencing by this court, on direct appeal before the Seventh Circuit and prior to the expiring of the one-year statute of limitations. Consequently, there are no ground upon which to equitably toll the statute of limitations and Mitchell's 2255 Motion is therefore barred as untimely.

In addition, it also appears that Mitchell's reliance on *Mills v. Jordan*, 979 F.2d 173 (7th Cir. 1992) to apply the actual innocence exception to his sentence enhancement is misplaced. The Seventh Circuit in *Hope v. United States*, 108 F.3d 119 (7th Cir. 1997) determined that actual innocence exception no longer extends to non-capital sentencing issues and enhancements

as this extension was trumped by the Anti-Terrorism and Effective Death Penalty Act. *Id*. at 120.  Therefore, Mitchell cannot attack his designation as an Armed Career Criminal under the actual innocence exception as this goes to his sentence and not his conviction.

## **CONCLUSION**

On the basis of the foregoing, the Mitchell's "Petition to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody" under 28 U.S.C. § 2255 is DENIED.

SO ORDERED this 18th day of April 2005.

                                            s/ William C. Lee
                                            William C. Lee, Judge
                                            United States District Court